# Court of Common Pleas of Philadelphia County
## Trial Division
# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**
AUGUST 2022
E-Filing Number: 2208042765
002457

| | |
|---|---|
| **PLAINTIFF'S NAME** DARRIMAS JONES | **DEFENDANT'S NAME** ATLAS CONTAINER CORPORATION |
| **PLAINTIFF'S ADDRESS** 1527 S. TAYLOR STREET PHILADELPHIA PA 19146 | **DEFENDANT'S ADDRESS** 8140 TELEGRAPH ROAD SEVERN MD 21144 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** ANDRE A. WAITE |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** 4855 BROOKSTONE TERRACE BOWIE MD 20720 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration  [ ] Mass Tort  [ ] Commerce  [ ] Settlement<br>[X] Jury  [ ] Savings Action  [ ] Minor Court Appeal  [ ] Minors<br>[ ] Non-Jury  [ ] Petition  [ ] Statutory Appeals  [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
AUG 22 2022
E. HAURIN

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DARRIMAS JONES
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RYAN D. HURD | LAROSA LAW, PC<br>110 MARTER AVE<br>SUITE 306<br>MOORESTOWN NJ 08057 |
| **PHONE NUMBER** (856)778-8888 | **FAX NUMBER** (856)778-9405 | |
| **SUPREME COURT IDENTIFICATION NO.** 205955 | **E-MAIL ADDRESS** ryan@larosalaw.net |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** RYAN HURD | **DATE SUBMITTED** Monday, August 22, 2022, 11:28 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**LAROSA LAW, PC**
**Ryan D. Hurd, Esquire**
**PA ID: 205955**
110 Marter Avenue, Suite 306
Moorestown, NJ 08057
(856) 778-8888
ryan@larosalaw.net

Attorneys for Plaintiff

*Filed and Attested by the Office of Judicial Records 22 AUG 2022 11:28 am E. HAURIN*

| | | |
|---|---|---|
| DARRIMAS JONES | | : COURT OF COMMON PLEAS |
| | Plaintiff, | : PHILADELPHIA COUNTY |
| v. | | : |
| | | : AUGUST TERM 2022 |
| ATLAS CONTAINER CORPORATION; | | : |
| | and | : NO.: |
| ANDRE A. WAITE | | : |
| | Defendants. | : JURY TRIAL DEMANDED |

## COMPLAINT- CIVIL ACTION
## 2v MOTOR VEHICLE ACCIDENT
## NOTICE TO PLEAD

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street
Philadelphia, PA 19107     (215) 238-6300

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Información Legal
1101 Market Street
Philadelphia, PA 19107     (215) 238-6300

Case ID: 220802457

| | |
|---|---|
| **LAROSA LAW, PC**<br>**Ryan D. Hurd, Esquire**<br>**PA ID: 205955**<br>110 Marter Avenue, Suite 306<br>Moorestown, NJ 08057<br>(856) 778-8888<br>ryan@larosalaw.net | Attorneys for Plaintiff |

| | |
|---|---|
| DARRIMAS JONES<br>1527 S. Taylor Street<br>Philadelphia, PA 19146<br>　　　　　　Plaintiff,<br>　　v.<br>ATLAS CONTAINER CORPORATION<br>8140 Telegraph Road<br>Severn, MD   21144<br>　　　　　　and<br>ANDRE A. WAITE<br>4855 Brookstone Terrace<br>Bowie, MD   20720<br>　　　　　　Defendants. | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>:<br>: AUGUST TERM, 2022<br>:<br>: NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION
### 2V MOTOR VEHICLE ACCIDENT

AND NOW comes Plaintiff, Darrimas Jones, by and through his undersigned counsel and the law firm LaRosa Law, to assert a cause of action for negligence against the above captioned Defendants, and in support thereof aver as follows:

### THE PARTIES

1.　Plaintiff, Darrimas Jones (hereinafter "Plaintiff" and/or "Mr. Jones"), is an adult individual who resides at 1527 S. Taylor Street, Philadelphia, Pennsylvania.

2.　Defendant, Atlas Container Corporation (hereinafter "Defendant" and/or "Defendant Atlas"), is a corporation and/or business entity organized and existing by virtue of the laws of Maryland, with its principal place of business at 8140 Telegraph Road, Severn, Maryland.

Case ID: 220802457

3. Defendant, Andre A. Waite (hereinafter "Defendant" and/or "Defendant Waite"), is an adult individual who at all times material hereto resided at 4855 Brookstone Terrace, Bowie, Maryland

4. At all times material hereto, Defendant Waite was an agent, servant, workman and/or employee of Defendant Atlas and acted within the course and scope of his agency, servitude, and/or employment with the Defendant Atlas.

5. At all times relevant hereto, all Defendants herein regularly and continuously conducted business in the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

6. At all times relevant hereto, Defendants regularly and continuously sold product in and/or picked up and dropped off loads of cargo in the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

7. At all times relevant hereto, Defendants routinely and continuously marketed, sold and supplied its products to consumers in the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

8. At all times relevant hereto, Defendants earned significant revenue from sales to customers in the Commonwealth of Pennsylvania, including the City and County of Philadelphia.

9. At all times relevant hereto, Defendants regularly operated vehicles on the streets and highways of the Commonwealth of Pennsylvania and City and County of Philadelphia.

10. At all times relevant hereto, Defendants maintained sufficient and continuous contacts with Commonwealth of Pennsylvania, including the City and County of Philadelphia to exercise jurisdiction over these Defendants.

## FACTS

11. On February 23, 2021, Defendant Waite was the permissive operator of a 2015 Freightliner tractor trailer, with VIN 3AKBGDDV1FSGR8031, which was owned and/or leased and controlled by his employer, Defendant Atlas.

12. Plaintiff lawfully owned and operated a 2000 BMW 528, with VIN WBADM6340YGU15357.

13. At approximately 5:40 p.m. on February 23, 2021, Defendant Waite and Plaintiff operated the aforementioned respective vehicles southbound on John F. Kennedy Memorial Highway I-95, near Churchmans Road exit ramp, in New Castle County, Delaware.

14. Plaintiff operated his vehicle in the right center lane while Defendant Waite operated his employer's vehicle in the center lane.

15. Defendant Waite attempted to merge from the center lane into the right center lane in the area occupied by Plaintiff's vehicle.

16. Defendant Waite's intended direction of travel was not clear of other vehicles to allow Defendant to safely merge.

17. Upon attempting to change lanes, Defendant Waite drove his employer's tractor into the driver's side of Plaintiff's vehicle, causing a violent collision.

18. As the direct and proximate result of Defendants' negligence, Plaintiff suffered the injuries and damages as described herein.

19. This crash was in no way caused or contributed to by the Plaintiff and was solely caused by the Defendants in the particular manner set forth below.

## COUNT I - NEGLIGENCE

### DARRIMAS JONES V. ATLAS CONTAINER CORPORATION and Andre Waite

20. All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

21. The losses, injuries and damages sustained by the Plaintiff, as set forth herein, resulted directly and proximately from the negligent and careless conduct of Defendants and/or Defendants' agents, servants, workmen and/or employees, who were negligent, in the following manner:

   a. failing to maintain an assured clear distance;

   b. failing to maintain control over Defendants' motor vehicle;

   c. failing to properly and adequately observe traffic controls, signals and conditions;

   d. failing to exercise reasonable care and ordinary prudence by observing, inspecting, viewing, and paying attention to other motorists;

   e. failing to observe and yield to the right of way of other motorists;

   f. failing to properly and adequately operate Defendants' motor vehicle at an acceptable and/or controllable rate of speed;

   g. failing to take proper action to avoid the collision with Plaintiff;

   h. failing to operate the motor vehicle according to existing traffic weather conditions and/or traffic controls;

   i. failing to use due care for the safety of the Plaintiff under the circumstances;

   j. failing to remain in the proper lane of travel;

   k. failing to safely and adequately change lanes;

   l. operating a commercial vehicle in violation of FMCSR regulations and/or internal safety regulations and procedures concerning the amount of hours and distances that drivers may be on the road;

m. failing to employ the use of a co-driver as required by the FMCSR and/or internal safety regulations;

n. operating a commercial vehicle in violation of FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways.

o. operating a commercial vehicle while distracted, inattentive and/or using a handheld communication device;

p. failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe braking components and systems;

q. failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions; and

r. negligence per se.

22. As a result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff suffered and continues to suffer serious impairment of bodily functions and serious permanent injuries including, but not limited to: multi-level cervical and lumbar disc herniation and bulging; radiculopathy; left shoulder and wrist injury; decreased function and mobility; other orthopedic, neurological and internal injuries and aggravations; he sustained arthritic and vascular changes; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and will in the future continue to require medicines, medical care and attention.

23. As a further result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff suffered and will continue to suffer agonizing aches, pains and mental anguish; and he has in the past been disabled and will in the future be disabled from performing his usual duties, occupations and avocations.

24. As a further result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff has suffered a permanent diminution of his ability to enjoy life and life's pleasures.

25. As a result of the negligence and carelessness of Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff incurred excess medical expenses, will continue to incur medical expenses into the future, may be subject to outstanding medical bills and liens, and has incurred other outstanding bills related to the crash which are recoverable as damages.

26. As a further result of the negligence and carelessness of the Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff has suffered and is likely to continue to suffer significant wage loss and loss of earning capacity.

27. As a result of the carelessness and negligence of Defendants and/or Defendants' agents, servants, workmen and/or employees, Plaintiff suffered property damage and economic losses which are recoverable as damages.

WHEREFORE, Plaintiff claims of Defendants, and/or Defendants' agents, servants, workmen and/or employees, a sum in excess of Fifty-Thousand Dollars ($50,000.00), plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate.

## COUNT II - VICARIOUS LIABILITY AND NEGLIGENCE

### DARRIMAS JONES V. ATLAS CONTAINER CORPORATION AND ANDRE WAITE

28. All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

29. At the time of the subject collision, Defendant Waite was acting as a servant, agent, ostensible agent and/or employee of Defendant Atlas Container Corporation.

30. Defendant Atlas is responsible for and vicariously liable for the consequences of the actions and inactions of its employee, servant, agent and/or ostensible agent, Defendant Waite.

31. The foregoing paragraphs of Count I which set forth Plaintiff's injuries and damages are incorporated herein by reference and made a part hereof as if set forth in full.

32. The injuries sustained by Plaintiff were a direct and proximate result of the aforesaid negligence and carelessness of the Defendants and were not caused or contributed to by any conduct of the Plaintiffs.

WHEREFORE, Plaintiff claims of Defendants, and/or Defendants' agents, servants, workmen and/or employees, a sum in excess of Fifty-Thousand Dollars ($50,000.00), plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate.

## COUNT III – CORPORATE NEGLIGENCE

### DARRIMAS JONES V. ATLAS CONTAINER CORPORATION

33. All paragraphs of this Complaint are incorporated herein by reference as though fully set forth herein at length.

34. Defendants were negligent in the hiring, training and supervision of Defendant Waite in the following manner:

　　a. failing to assure that Defendant Waite was properly qualified to drive Defendants' truck;

　　b. failing to assure that Defendant Waite had the physical ability to safely drive Defendants' truck;

　　c. failing to assure that Defendant Waite was properly trained to drive Defendants' truck;

　　d. failing to properly supervise Defendant Waite and

　　e. failing to properly assess and monitor Defendant Waite's ability to drive Defendants' truck, and remove Defendant Waite from service/employment;

Case ID: 220802457

    f. Failing to enforce FMCSR regulations concerning the number of hours and distances which its drivers may be on the road;

    g. Failing to enforce internal safety regulations and procedures concerning the number of hours and distances which its drivers may be on the road;

    h. Seeking out and selecting out and selecting Defendant Waite to make the subject trip;

    i. Failing to monitor the whereabouts and progress of Defendant Waite during the trip;

    j. Failing to ensure that Defendant Waite was accompanied by a co-driver as required by the FMCSR and/or internal safety regulations;

    k. Permitting Defendant Waite to operate Defendant's over the road equipment when he was not qualified to do so; and,

    l. Failing to enforce FMCSR and/or internal safety regulations and procedures for operation of the tractor, the trailer, and the load over public highways.

35. Defendants were additionally negligent in connection to Defendant Waite's operation of Defendants' motor vehicle as follows:

    a. failing to properly and adequately prevent individuals Defendant knew operated or should have known to have operated a motor vehicle in a carelessness and negligent manner;

    b. failing to properly and adequately entrust said motor vehicle to individuals who operate motor vehicles in a careful and non-negligent manner;

    c. entrusting said motor vehicle to an individual who was physically and/or mentally unfit to safely operate motor vehicles in a careful and non-negligent manner;

    d. entrusting said motor vehicle to an individual who was not properly trained and/or capable to safely operate a motor vehicle in a careful and non-negligent manner;

e. failing to inspect Defendants' motor vehicle for defective and dangerous conditions such as unsafe breaking components and systems; and

f. failing to maintain Defendants' motor vehicle in a safe manner, free from malfunctions, defects and dangerous conditions.

WHEREFORE, Plaintiff claims of Defendants, and/or Defendants' agents, servants, workmen and/or employees, a sum in excess of Fifty-Thousand Dollars ($50,000.00), plus interest, costs, attorney's fees, and any other relief this Honorable Court deems appropriate.

Respectfully submitted,
LaRosa, Law PC

By _____
Ryan D. Hurd, Esquire
PA ID: 205955
110 Marter Avenue, Suite 306
Moorestown, NJ  08057
P: (856) 778-8888
F: (856) 778-9405
ryan@larosalaw.net

Dated: August 22, 2022

Case ID: 220802457

| | | |
|---|---|---|
| DARRIMAS JONES | | : COURT OF COMMON PLEAS |
| | Plaintiff, | : PHILADELPHIA COUNTY |
| v. | | : |
| | | : JULY TERM 2022 |
| ATLAS CONTAINER CORPORATION; | | : |
| and | | : NO.: |
| ANDRE A. WAITE | | : |
| | Defendants. | : JURY TRIAL DEMANDED |

## VERIFICATION

I, Darrimas Jones, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint in Civil Action is based upon information which I have furnished to counsel, and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint, and to the extent the statements therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information and belief. To the extent the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that if false statements were made herein I would be subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

By: _____
Darrimas Jones

DATE: 7/26/22

Case ID: 220802457

| | |
|---|---|
| **LAROSA LAW, PC**<br>**Ryan D. Hurd, Esquire**<br>**PA ID: 205955**<br>110 Marter Avenue, Suite 306<br>Moorestown, NJ 08057<br>(856) 778-8888<br>ryan@larosalaw.net | Attorneys for Plaintiff |

| | |
|---|---|
| DARRIMAS JONES<br>1527 S. Taylor Street<br>Philadelphia, PA 19146<br><br>      Plaintiff,<br><br>v.<br><br>ATLAS CONTAINER CORPORATION<br>8140 Telegraph Road<br>Severn, MD 21144<br>      and<br>ANDRE A. WAITE<br>4855 Brookstone Terrace<br>Bowie, MD 20720<br>      Defendants. | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>:<br>:<br>: AUGUST TERM, 2022<br>:<br>: NO.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>: |

**PLAINTIFF'S COMPLAINT – CIVIL ACTION**
**2V MOTOR VEHICLE ACCIDENT**

  AND NOW comes Plaintiff, Darrimas Jones, by and through his undersigned counsel and the law firm LaRosa Law, to assert a cause of action for negligence against the above captioned Defendants, and in support thereof aver as follows:

**THE PARTIES**

  1. Plaintiff, Darrimas Jones (hereinafter "Plaintiff" and/or "Mr. Jones"), is an adult individual who resides at 1527 S. Taylor Street, Philadelphia, Pennsylvania.

  2. Defendant, Atlas Container Corporation (hereinafter "Defendant" and/or "Defendant Atlas"), is a corporation and/or business entity organized and existing by virtue of the laws of Maryland, with its principal place of business at 8140 Telegraph Road, Severn, Maryland.