IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRIMAS JONES**<br>　　　　*Plaintiff*<br><br>v.<br><br>**ATLAS CONTAINER CORPORATION**<br><br>　-and-<br>**ANDRE A. WAITE**<br>**DEFENDANT(S)**<br>　　　　*Defendants* | NO.: |

### NOTICE OF REMOVAL

To:   **CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendants, Atlas Container Corporation and Andre A. Waite (hereinafter "Defendants") files this Notice of Removal from the Court of Common Pleas of Philadelphia County, PA, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441(b), Removal based on diversity of citizenship, and aver as follows:

1.   On or about August 22, 2022, Plaintiff, Darrimas Jones commenced his cause of action against Defendants through the filing of a Complaint in the Court of Common Pleas of Philadelphia County seeking damages in an amount excess of $50,000.00. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2.   In her Complaint, Plaintiff alleges that he is a citizen and resident of the Commonwealth of Pennsylvania. See Exhibit "A" at ¶ 1.

3.   In his Complaint, Plaintiff alleges that Defendant Atlas Container Corporation is a Maryland corporation with a corporate headquarters located at 8140 Telegraph Road, Severn, MD 21144. See Exhibit "A" at ¶ 2.

4. Plaintiff further alleges in his Complaint that Defendant Andre A. Waite is an adult individual who at all relevant times resided at 4855 Brookstone Terrace, Bowie, MD. See Exhibit "A" at ¶ 3.

5. Plaintiff further alleges in his Complaint that the incident giving rise to this litigation occurred on February 23, 2021 when defendant attempted to change lanes, Defendant Waite drove his employers tractor into the drivers side of Plaintiff's car causing a collision. See Exhibit A at ¶ 15 and 16.

6. Plaintiff's Complaint contains three Counts against Defendants alleging/claiming Products Liability – Negligence (Count I), Vicarious Liability and Negligence (Count II) and Corporate Negligence (Count III). See Exhibit "A" at Counts I, II and III.

7. Plaintiff claims that the aforementioned incident caused multi-level cervical and lumbar disc herniation and bulging, radiculopathy; left shoulder and wrist injury; decreased function and mobility; other orthopedic, neurological and internal injuries and aggravation; he sustained arthritic and vascular changes; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and will in the future continue to require medicines, medica care and attention. See Exhibit "A" at ¶ 22.

8. Plaintiff claims as a result of the aforementioned incident that he will continue to suffer agonizing aches, pains, and mental anguish; and he has in the past been disabled and will in the future be disabled from performing his usual duties, occupation and avocations. See Exhibit "A" at ¶ 23.

9. Plaintiff claims as a result of the aforementioned incident that he has suffered a permanent diminution of his ability to enjoy life and life's pleasures. See Exhibit "A" at ¶ 24.

10. Plaintiff claims as a result of the aforementioned incident that has incurred excess medical expenses into the future, may be subject to outstanding medical bills and liens, and has

incurred other outstanding bills related to the crash which are recoverable damages. See Exhibit "A" at ¶ 25.

11. Plaintiff claims as a result of the aforementioned incident that he has suffered and us likely to continue to suffer significant wage loss and earning capacity. See Exhibit "A" at ¶ 26.

12. Plaintiff also claims as a result of the aforementioned incident that he has suffered property damage and economic losses which are recoverable as damages. See Exhibit "A" at ¶ 27.

13. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between – (1) [c]itizens of different States."

14. 28 U.S.C. § 1441(a), pertaining to removal of civil actions, provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

15. A corporation or similar entity "shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business …" 28 U.S.C. § 1332(a).

16. 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …"

17. 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a) …, all defendants who have been properly joined and served must join in or consent to the removal of the action."

18. 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

19. Plaintiff avers that he is a resident of Philadelphia, Pennsylvania that resides at 1527 S. Taylor Street, Philadelphia, Pennsylvania. See Exhibit "A" at ¶ 1.

20. For the purposes of diversity and venue, Plaintiff is a citizen of Pennsylvania residing within this Judicial District.

21. Defendants are a Maryland corporation with its principal place of business located at 8140 Telegraph Road, Severn, MD and an individual who is a citizen of the State of Maryland.

22. The allegations in Plaintiff's Complaint establish, to a reasonable probability, that the amount in controversy is in excess of $75,000.00, and that Plaintiff is seeking damages, in part, in relation to allegedly serious bodily injuries, loss of earning capacities and medical expenses. See Exhibit "A" ¶ and Counts I, II and III generally.

23. This case is appropriate for removal from state court to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a) as complete diversity of citizenship exists between Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

24. This Notice of Removal is timely, as Defendant Atlas Corporation was served on Sept. 2, 2022 and Defendant Waite was served on Sept. 8, 2022.

25. The instant Notice of Removal complies with 28 U.S.C. § 1446(a) and (b) as it is being filed within thirty (30) days of the date of service of the pleading from which it has been

ascertained that the matter is removable by the removing Defendants, and within one year of the commencement of the action. See Exhibit "A".

26.  Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

**WHEREFORE**, Notice is given that this action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**WILLIAM J. FERREN & ASSOCIATES**

**Date: September 19, 2022**    */s/ Paola Kaczynski*
**Paola Kaczynsk, Esq.**
**Attorney for Defendants**
☐Plaintiff(s)   X Defendant   ☐Other:
**Supreme Court I.D. No.     59602**
**E-Mail Address: pkaczyns@travelers.com**
**Phone Number:  267-675-3017**
**Mailing Address:   P.O. Box 2903**
                    **Hartford, CT 06104**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRIMAS JONES** | : | **PHILADELPHIA COUNTY** |
| *Plaintiff* | : | **COURT OF COMMON PLEAS** |
| | : | |
| v. | : | **AUGUST TERM, 2022** |
| | : | **NO.: 02457** |
| **ATLAS CONTAINER CORPORATION** | : | |
| | : | |
| -and- | : | |
| **ANDRE A. WAITE** | : | |
| **DEFENDANT(S)** | : | |
| *Defendants* | : | |

## CERTIFICATION

I, Paola T. Kaczynski, Esquire, hereby certify that the facts set forth in the foregoing Petition for Removal are true and correct to the best of my knowledge, information, and belief.

**Date: September 19, 2022**

**WILLIAM J. FERREN & ASSOCIATES**
*/s/ Paola Kaczynski*
**Paola Kaczynsk, Esq.**
**Attorney for Defendants**
☐ Plaintiff(s)   X Defendant   ☐ Other:
Supreme Court I.D. No.   **59602**
E-Mail Address: **pkaczyns@travelers.com**
Phone Number: **267-675-3017**
Mailing Address: **P.O. Box 2903**
                 **Hartford, CT 06104**